STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2026 CA 0074

AVIS RENT A CAR SYSTEMS, LLC

VERSUS

RONNIE KNOX

Judgment Rendered: __MAY 2 0 2026__

* * * * *

On Appeal from the
Baton Rouge City Court
In and for the Parish of East Baton Rouge
State of Louisiana
Case No. 2402699 • Div. A

Honorable Russell L. Jones, *Pro Tempore*

* * * * *

Blake E. Oakes
Metairie, Louisiana

Counsel for Plaintiff-Appellee,
Avis Rent a Car Systems, LLC


Raymond L. Simmons
Baton Rouge, Louisiana

Counsel for Defendant-Appellant,
Ronnie Knox

* * * * *

BEFORE: LANIER, WOLFE, AND HESTER, JJ.

**HESTER, J.**

Plaintiff, Avis Rent a Car Systems, LLC ("Avis"), filed a petition in Baton Rouge City Court on May 28, 2024, contending that defendant, Ronnie Knox, breached a rental agreement for the rental and use of a 2019 GMC Terrain ("vehicle") in failing to return the vehicle in the same condition that he received it and in failing to accept responsibility for all loss or damage to the vehicle. Avis sought $16,717.28, plus interest at the contractual rate of 18% per annum from the date of judicial demand, reasonable attorney's fees, and all costs.

Knox initially excepted to the petition, raising the objection of the failure to join an indispensable party. According to Knox, the vehicle was stolen at the time the vehicle was damaged, and Knox purchased insurance on the vehicle at the time he entered into the rental agreement. Knox argued that the "car thief and insurance company" were indispensable parties to the suit. After the exception was denied, Knox answered the petition and asserted a third party demand. In his answer, Knox denied as written Avis's allegation that damages were sustained to the vehicle while it was under his control and affirmatively alleged that "the vehicle was damaged while [being] driven by someone not authorized by defendant and while insured by plaintiff or [their] agent." Further, in its third party demand, Knox alleged that during the time the vehicle was rented by Knox, the vehicle was insured. Knox also alleged that during this time Marquis Bernard Knox took the vehicle without permission at which time it was damaged in an accident.

On July 1, 2025, Avis filed a motion for summary judgment, seeking a judgment against Knox "for all sums due under the terms of the 'Rental Agreement' and any additional relief due under the law." The hearing was set for September 17, 2025. Knox opposed the summary judgment through an affidavit and memorandum, which were timely filed on September 2, 2025, fifteen days prior to the hearing. See La. Code Civ. P. art. 966(B)(2). At the conclusion of the hearing, the trial court

2

granted summary judgment in favor of Avis. The trial court's ruling was memorialized and signed by judgment dated October 14, 2025. Knox timely appealed and assigns as error the trial court's grant of Avis's motion for summary judgment.

## LAW AND ANALYSIS

A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. **Beer Industry League of Louisiana v. City of New Orleans**, 2018-0280 (La. 6/27/18), 251 So.3d 380, 385-86. After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La. Code Civ. P. art. 966(A)(3).

The burden of proof rests with the mover. La. Code Civ. P. art. 966(D)(1). When the party filing the motion for summary judgment will bear the burden of proof at trial, he must support his motion for summary judgment with credible evidence that would entitle him to a directed verdict if not controverted at trial. **Hines v. Garrett**, 2004-0806 (La. 6/25/04), 876 So.2d 764, 766 (*per curiam*); **Jeandron v. Cenac**, 2022-1158 (La. App. 1st Cir. 4/14/23), 365 So.3d 851, 856. Stated another way, the mover has the burden of making a *prima facie* showing that no genuine issue of material fact remains. **Gulf South Psychiatry, L.L.C. v. Greenbrier Hospital, L.L.C.**, 2020-0957 (La. App. 1st Cir. 4/16/21), 323 So.3d 880, 883 (citing **Action Oilfield Services, Inc. v. Energy Management Co.**, 2018-1146 (La. App. 1st Cir. 4/17/19), 276 So.3d 538, 541-542). Only when the mover makes this showing does the burden shift to the opposing party to present evidence demonstrating a material factual issue remains. **Id.**

The mover can meet its burden by filing supporting documentary evidence consisting of pleadings, memoranda, affidavits, depositions, answers to

3

interrogatories, certified medical records, certified copies of public documents or public records, certified copies of insurance policies, authentic acts, private acts duly acknowledged, promissory notes and assignments thereof, written stipulations, and admissions with its motion for summary judgment. La. Code Civ. P. art. 966(A)(4). The mover's supporting documents must prove the essential facts necessary to carry the mover's burden. Therefore, it must first be determined whether the supporting documents presented by the mover are sufficient to resolve all material fact issues. **Hemphill v. Smith**, 2020-0795 (La. App. 1st Cir. 7/22/21), 328 So.3d 1224, 1230, writ denied, 2021-01286 (La. 11/17/21), 327 So.3d 997; **Horrell v. Alltmont**, 2019-0945 (La. App. 1st Cir. 7/31/20), 309 So.3d 754, 758.

In determining whether summary judgment is appropriate, this court reviews the evidence *de novo* using the same criteria governing the trial court's determination of whether summary judgment is appropriate. Thus, an appellate court asks the same questions: whether there is any genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. **Jeandron**, 365 So.3d at 857.

In this case, Avis sought through summary judgment to establish entitlement to all relief requested in its petition, *i.e.*, breach of contract and damages. Accordingly, Avis bore the burden as mover and would bear the ultimate burden of proof at trial. **Chapman v. Haynes**, 2022-0288 (La. App. 1st Cir. 9/16/22), 352 So.3d 1023, 1026. Avis was required to support its motion with credible evidence that would entitle it to a directed verdict if not controverted at trial and make a *prima facie* showing that no genuine issue of material fact remained. **Hines**, 876 So.2d at 766; **Jeandron**, 365 So.3d at 856; **Gulf South Psychiatry, L.L.C.**, 323 So.3d at 883 (citing **Action Oilfield Services, Inc.**, 276 So.3d at 541-542).

Notably, Avis argued in its memorandum in support of the motion for summary judgment as follows:

4

On or about June 22, 2023, Defendant, RONNIE KNOX, entered a "Rental Agreement" with Plaintiff, AVIS RENT A CAR SYSTEM, LLC, whereby Defendant agreed to rent a 2019 GMC Terrain from Plaintiff. The agreement included certain terms and conditions incorporated into the agreed [sic] identified as Rental Terms and Conditions. Defendant declined the loss damage waiver that was offered by Plaintiff and agreed to pay for all loss or damage to the vehicle. On or about June 24, 2023, RONNIE KNOX, was operating the vehicle and was involved in a collision. As a result of the collision, the rental vehicle sustained damages. Defendant has failed or otherwise refused to perform their obligations under the terms of the "Rental Agreement" by not paying for the damages that the vehicle sustained, along with any and all other fees and/or sums due. Defendant is now in breach and default of the Agreement.

Avis further argued that the clear and unambiguous terms of the rental agreement indicated that if the loss damage waiver was not accepted, Knox would be responsible and agreed to pay Avis for all loss or damage to the vehicle regardless of what or who caused the damage.

In support, Avis included the affidavit of Matthew Nelan, which attached the rental agreement receipt documenting the transaction between Avis and Knox and the rental terms and conditions. Pursuant to terms and conditions, the agreement provided in pertinent part:

> **12. Loss Damage Waiver.** ... *If you accept full LDW* by your initials on the rental document at the additional daily rate, for each full or partial day that the car is rented to you, and the car is operated in accordance with this agreement, *we assume all loss or damage to the car* except, if permitted by law, for lost, damaged or stolen keys or remote entry devices, towing or tire services, unless related to the accident, or recovery of the car if stolen, (except in the state of Alaska), and except for your amount of "responsibility", if any, as specified on the rental document. ... If you do not accept ... LDW ..., you owe for all loss or damage to the car. Loss and damage are described in the following paragraph. ...

> **13. Damage/Loss to the Car.** *If you do not accept LDW,* or if the car is lost or damaged as a direct or indirect result of a violation of paragraph 14, or damaged as a result of an act of nature, *you are responsible and you will pay us for all loss of or damage to the car regardless of cause, or who, or what caused it.* ... If the car is stolen and not recovered you will pay us the car's fair market value before it was stolen. ...

(Italics added.) Paragraph 14 provides certain prohibited uses of the rental, violations of which result in an exclusion to and voids all liability protection,

5

including additional liability insurance and loss damages waiver. One of the prohibited uses includes permitting the rental to be used by anyone other than an authorized driver.

The rental agreement receipt provided, in pertinent part, as follows:



As evidenced by the rental agreement receipt, Knox opted and paid for both the loss damage waiver and additional liability insurance, contradicting Avis's own rendition of the facts. By Knox's acceptance of the loss damage waiver, Avis "assume[d] all loss or damage to the [rental.]" Moreover, Avis's summary judgment was made on the basis that Knox declined to select the loss damage waiver coverage and, therefore, Knox was responsible for the damages to the vehicle. However, at the hearing Avis attempted to argue the exception to the loss damage waiver or other insurance coverage on the basis that an unauthorized person was driving the vehicle. Argument of counsel, no matter how artful, is not evidence. **Bias v. Haley,** 2023-

0281 (La. App. 1st Cir. 11/3/23), 383 So.3d 175, 186; see also La. Code Civ. P. art. 966(F) (providing that summary judgment may be rendered or affirmed only as to those issues set forth in the motion under consideration by the court at that time); see also **Troncoso v. Point Carr Homeowners Ass'n**, 2022-0530 (La. App. 1st Cir. 1/10/23), 360 So.3d 901, 916 (observing the purpose of La. Code Civ. P. art 966(F) is to inform the opponent of the summary judgment motion of the elements on which there allegedly is no genuine issue of material fact and to avoid surprise).

Accordingly, the motion, memorandum, and supporting documents themselves show that issues of material fact remain and fail to establish that Avis is entitled to judgment as a matter of law. See La. Code Civ. P. art. 966(A)(3). Avis plainly failed to support its motion with credible evidence that would entitle it to a directed verdict if not controverted at trial, failed to make a *prima facie* showing that no genuine issue of material fact remains, and did not meet its burden of proof as mover. **Hines**, 876 So.2d at 766; **Jeandron**, 365 So.3d at 856; **Gulf South Psychiatry, L.L.C.**, 323 So.3d at 883 (citing **Action Oilfield Services, Inc.**, 276 So.3d at 541-542). Because Avis failed to meet its burden, the burden never shifted to Knox to present evidence demonstrating a material factual issue remained. **Gulf South Psychiatry, L.L.C.**, 323 So.3d at 883 (citing **Action Oilfield Services, Inc.**, 276 So.3d at 541-542). Pursuant to our *de novo* review, the trial court erred in granting Avis's motion for summary judgment.

## CONCLUSION

In light of the foregoing, we reverse the trial court's October 14, 2025 judgment, granting Avis Rent a Car Systems, LLC 's motion for summary judgment against Ronnie Knox, and remand this matter for further proceedings. All costs of this appeal are to be borne by Avis Rent a Car Systems, LLC.

**REVERSED AND REMANDED.**